UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL VELA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TOW GUYZ LLC, *et al.*,<br><br>　　　　Defendants. | Case No. 1:25-cv-00878-EPG<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT<br><br>(ECF No. 1) |

## I.　INTRODUCTION

Plaintiff removed this action from the Superior Court of California, County of Tulare on July 18, 2025. (ECF No. 1). Plaintiff is proceeding *pro se*. Plaintiff's complaint, which Plaintiff originally filed in state court, asserts a breach of contract claim based on the allegation that Defendants unlawfully allowed entry into the office spaces she rented from them without her consent, and also unlawfully evicted her without a court order. (*Id.* at 15-17).

After reviewing the notice of removal and Plaintiff's complaint in state court, the Court will order Plaintiff to show cause why the case should not be remanded to state court for improper removal and lack of federal jurisdiction.

## II.　LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*

*of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Federal courts also have jurisdiction over state law claims if there is diversity of citizenship between the Plaintiff and Defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332 (Federal courts have diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different states.").

When a Plaintiff files a case in state court, a *defendant* may remove the case to federal court if the federal court has jurisdiction over the lawsuit (among other requirements). Specifically, under 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant* or the *defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). However, there is no provision that allows a plaintiff to remove its own case to federal court.

"Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).

And "it is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal.'" *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir.2002)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[I]ndeed, [the Ninth Circuit has] held that the district court must remand if it lacks jurisdiction." *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

### III. DISCUSSION

Plaintiff originally filed her complaint in the Superior Court of California, County of Tulare against Defendants. (ECF No. 1 at 13-17). Plaintiff's complaint asserts a claim for breach of contract. (ECF No. 1, at p. 14) Plaintiff also lists as other allegations: "trespassing, invasion of privacy, mental and emotional duress [sic], loss of use of property, investment into property use . . . unexpected international hardship, malice." (ECF No. 1, at p. 14). Notably, Plaintiff only includes the attachment for "Cause of Action—Breach of Contract." (ECF No. 1, at p. 15-18).

On July 18, 2025, Plaintiff filed a notice of removal, seeking to remove this case to federal court on the basis of federal question jurisdiction. (ECF No. 1).

However, "a plaintiff . . . cannot remove an action to federal court." *Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014, 1017 (9th Cir. 2007); *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005) ("The removal statute ... is quite clear that only a 'defendant' may remove the action to federal court."). Where a plaintiff improperly removes its own case, the appropriate remedy is to remand the case to state court. *See Okot v. Callahan*, 788 F.2d 631, 633 (9th Cir. 1986) (holding that district judge should have remanded case because "Okot, as the petitioner in the state court proceeding, had no power to remove his own case. Removal is available only to defendants. 28 U.S.C. §§ 1441(c), 1442, 1443, 1446(c). . . . He initiated the case in state court. He cannot remove it").

Consequently, Plaintiff's attempt to remove her own state court complaint to federal court is improper.

It appears that this case should also be remanded to state court because Plaintiff's complaint does not identify a federal claim subject to this Court's jurisdiction. Plaintiff's complaint only asserts a breach of contract claim. (ECF No. 1, at p. 13-17). However, a breach of contract claim is a matter of state—not federal--law. *See Gomez v. Celebrity Home Health & Hospice Incorporated,* 2017 WL 1282803, at *4 (D. Ariz., Apr. 6, 2017, No. CV-16-02754-PHX-JJT) (dismissing case for lack of federal jurisdiction because "[t]he only remaining claim in the proposed Amended Complaints (Docs. 50, 67) is Plaintiff's breach of contract claim—a state law claim").

Moreover, Plaintiff does not plead that such diversity jurisdiction exists in this case. (*See*

*generally* ECF No. 1 at 1-3, 13-17)  Rather, it appears that Plaintiff and Defendants are both domiciled in the state of California.  (*See id.* at 6-7).  Moreover, the amount in controversy appears to be approximately $4,700, which is not sufficient for diversity jurisdiction.  (*See id* at 15).

In her removal notice, Plaintiff claims that the state court judge and the parties violated her constitutional rights during the litigation, such as by "moving to strike improper filings and for failing to provide timely filings." (ECF No. 1, at p. 3).  However, these allegations are not a part of Plaintiff's complaint.  *Toumajian v. Frailey*, 135 F.3d 648, 653 n.2 (9th Cir. 1998) ("[f]or removal to be appropriate, a federal question must appear on the face of the complaint"); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) (federal question must be presented on face of plaintiff's properly pleaded complaint).

Thus, because Plaintiff's complaint states a claim for breach of contract amongst seemingly non-diverse parties, it appears that the Court does not have jurisdiction over Plaintiff's complaint.

Accordingly, the Court will order Plaintiff to show cause why this case should not be remanded to state court for improper removal and lack of federal jurisdiction.

**IV.     ORDER**

For the reasons given above, IT IS ORDERED as follows:

By no later than August 22, 2025, Plaintiff shall file a response to this order showing cause why this case should not be remanded to state court.

A failure to respond to this order to show cause may result in the remand to state court.

IT IS SO ORDERED.

Dated:  **July 24, 2025**                     /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE