UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL VELA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TOW GUYZ LLC, *et al.*,<br><br>　　　　　　Defendants. | Case No.  1:25-cv-00878-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT CASE BE REMANDED TO STATE COURT<br><br>(ECF No. 1)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN A DISTRICT JUDGE |

　　Plaintiff removed this action from the Superior Court of California, County of Tulare on July 18, 2025. (ECF No. 1). Plaintiff is proceeding *pro se*. Plaintiff's complaint, which Plaintiff originally filed in state court, asserts a breach of contract claim based on the allegation that Defendants unlawfully allowed entry into the office spaces she rented from them without her consent, and also unlawfully evicted her without a court order. (*Id.* at 15-17).

　　Following a review of the notice of removal, the Court ordered Plaintiff to show cause why the case should not be remanded back to state court for improper removal and lack of subject matter jurisdiction. (ECF No. 3). To date, Plaintiff has failed to file a response to the order to show cause, and the time to do so has expired.

　　For the following reasons, this Court will recommend this case be remanded to state court.

\\\

\\\

\\\

1

## I. BACKGROUND

Plaintiff's complaint—originally filed in state court—asserts a breach of contract claim alleging Defendants unlawfully allowed entry into the office spaces she rented from them without her consent and unlawfully evicted her without a court order. (ECF No. 1, pp. 15-17). Plaintiff's complaint asserts other allegations: "trespassing, invasion of privacy, mental and emotional duress [sic], loss of use of property, investment into property use . . . unexpected international hardship, malice." (*Id.*). Notably, Plaintiff only included the attachment for "Cause of Action— Breach of Contract." (ECF No. 1, at p. 15-18).

On July 18, 2025, Plaintiff filed a notice of removal, seeking to remove this case to federal court based on federal question jurisdiction. (ECF No. 1). Specifically, Plaintiff claims the basis for federal jurisdiction is "violations of Plaintiff's constitutional rights…" (ECF No.1, p.2).

After reviewing the notice of removal and Plaintiff's complaint in state court, the Court ordered Plaintiff to show cause why the case should not be remanded to state court for improper removal and lack of subject matter jurisdiction. (ECF No. 3).

Plaintiff's response to the order was due on September 5, 2025; however, Plaintiff has not filed any response.

## II. LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Federal courts also have jurisdiction over state law claims if there is diversity of citizenship between the Plaintiff and Defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332 (Federal courts have diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different states.").

When a Plaintiff files a case in state court, a *defendant* may remove the case to federal court if the federal court has jurisdiction over the lawsuit (among other requirements) (emphasis added). Specifically, under 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant* or the *defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). However, there is no provision that allows a plaintiff to remove its own case to federal court.

"Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).

And "it is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal.'" *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir.2002)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[I]ndeed, [the Ninth Circuit has] held that the district court must remand if it lacks jurisdiction." *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

### III.   DISCUSSION

The Court recommends remanding this case to state court because Plaintiff is not entitled to remove her own case to federal court, and because there is no basis for federal jurisdiction.

As described above, when a Plaintiff files a case in state court, a *defendant* may remove the case to federal court under certain circumstances. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant* or the *defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Here, Plaintiff has

removed her own case. This removal is improper because "a plaintiff . . . cannot remove an action to federal court." *Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014, 1017 (9th Cir. 2007); *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005) ("The removal statute ... is quite clear that only a 'defendant' may remove the action to federal court.").

Where a plaintiff improperly removes its own case, the appropriate remedy is to remand the case to state court. *See Okot v. Callahan*, 788 F.2d 631, 633 (9th Cir. 1986) (holding that district judge should have remanded case because "Okot, as the petitioner in the state court proceeding, had no power to remove his own case. Removal is available only to defendants. 28 U.S.C. §§ 1441(c), 1442, 1443, 1446(c). . .. He initiated the case in state court. He cannot remove it").

Furthermore, Plaintiff's complaint does not identify a federal claim subject to this Court's jurisdiction. Plaintiff's complaint only asserts a breach of contract claim. (ECF No. 1, at p. 13-17). However, a breach of contract claim is a matter of state—not federal--law. *See Gomez v. Celebrity Home Health & Hospice Incorporated,* 2017 WL 1282803, at *4 (D. Ariz., Apr. 6, 2017, No. CV-16-02754-PHX-JJT) (dismissing case for lack of federal jurisdiction because "[t]he only remaining claim in the proposed Amended Complaints (Docs. 50, 67) is Plaintiff's breach of contract claim—a state law claim"). While Plaintiff states the ground for removal is based on violations of Plaintiff's constitutional rights, Plaintiff failed to assert any of these alleged violations in the complaint. *Toumajian v. Frailey*, 135 F.3d 648, 653 n.2 (9th Cir. 1998) ("[f]or removal to be appropriate, a federal question must appear on the face of the complaint"); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) (federal question must be presented on face of plaintiff's properly pleaded complaint).

Moreover, Plaintiff fails to demonstrate that diversity jurisdiction exists in this case. (*See generally* ECF No. 1 at 1-3, 13-17) Rather, it appears that Plaintiff and Defendants are both domiciled in the state of California. (*Id.,* pp. 6-7). Additionally, the amount in controversy appears to be approximately $4,700; an insufficient amount for diversity jurisdiction (*Id.,* p.15).

Consequently, the Court does not have jurisdiction over Plaintiff's complaint.

Accordingly, the Court will recommend the action be remanded to state court for improper removal and lack of subject matter jurisdiction.

4

### IV. CONCLUSION AND RECOMMENDATIONS

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be **REMANDED** back to the appropriate state court.
2. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) be **DENIED** as moot.

Finally, the Clerk of Court is **DIRECTED** to randomly assign a District Court Judge to the present matter.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C § 636(b)(1). Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:  **September 8, 2025**         /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE